1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    THOMAS DANIEL LAIPPLY and            No.  2:21-cv-01905-KJM-CKD PS
      EVANGELINA STAR LAIPPLY,
12
                 Plaintiffs,
13                                         FINDINGS AND RECOMMENDATIONS
         v.
14                                         (ECF No. 8)
      THOMAS CHARLES LAIPPLY, et al.,
15
                 Defendants.
16

17

18          Plaintiffs Thomas Daniel Laipply and Evangelina Star Laipply proceed pro se in this

19    diversity action asserting state law claims against defendants Thomas C. Laipply, Laurel Laipply,

20    Heidi C. Raveling, Kathryn M. Saavedra, and Jaime Z. Saaveedra. (ECF No. 1.) Plaintiffs bring

21    claims relating to an alleged unlawful eviction in 2019 of the plaintiffs from a West Sacramento,

22    California home owned by defendants Thomas C. Laipply and Laurel Laipply. This matter is

23    before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21).

24          Defendants' motion to dismiss for insufficient service of process (ECF No. 8) is before the

25    court. The parties appeared via videoconference for a hearing on April 27, 2022. Attorney Gerrit

26    Schulze appeared on behalf of the defendants and plaintiff Thomas Charles Laipply appeared pro

27    se. For the reasons that follow, the undersigned recommends the court grant the motion to

28    dismiss.

                                                  1

1

## I. BACKGROUND

Plaintiffs filed a fee-paid, pro se complaint on October 13, 2021 asserting claims of civil theft, defamation, illegal eviction, assault and battery, negligence, negligent infliction of emotional distress, and fraud. (ECF No. 1.) On February 2, 2022, defendants moved to dismiss the complaint under Rule 12(b)(5)[1] of the Federal Rules of Civil Procedure for insufficient service of process. (ECF No. 8 at 2.) Defendants argue they are prejudiced by the insufficiency in the service of process because the defendants Thomas C. Laipply and Laurel Laipply are currently plaintiffs in a Texas State Court lawsuit wherein the plaintiffs in this suit are defendants in the Texas action. (ECF No. 8-1 at 8.)

Plaintiffs oppose the motion to dismiss, asserting they timely served all defendants with a summons and a copy of the complaint through a variety of methods reasonably calculated to provide actual notice of the pending litigation against them and within the 90 day period to effectuate service of process, as required by Federal Rule of Civil Procedure 4(m). (ECF No. 18 at 2.) Plaintiffs also dispute defendants' argument regarding prejudice as factually inaccurate and irrelevant to the motion. (Id. at 4.)

## II. LEGAL STANDARDS

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule] 4." Direct Mail Specialists v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988); see also Murphy Bros., Inc. v. Mitchell Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."). A motion under Rule 12(b)(5) challenges the mode or method of service of the summons and complaint. Wasson v. Riverside County, 237 F.R.D. 423, 424 (C.D. Cal. 2006).

Service of the summons and complaint must occur within 90 days of filing the complaint unless otherwise ordered. Fed. R. Civ. P. 4(c)(1) & (m). If a defendant is not served by this

---

[1] Although page one of the motion to dismiss references Rule 12(b)(1)—dismissal for lack of subject matter jurisdiction—the court construes the motion as brought under Rule 12(b)(5), for insufficient service of process.

deadline, then the court must dismiss the action without prejudice against that defendant, or order that service be made within a specified time. Fed. R. Civ. P. 4(m).

Rule 4 is a flexible rule that should be liberally construed. United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984). However, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction absent 'substantial compliance with Rule 4.'" Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986) (citing Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982), cert. denied, 484 U.S. 870 (1987) (citation omitted). When a defendant challenges service, the plaintiff bears the burden of establishing its sufficiency under Rule 4. See Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). If service of process was insufficient, a district court has discretion to dismiss an action or quash service. See e.g., S.J. v. Issaquah School Dist. No. 411, 470 F.3d 1288, 1293 (9th Cir. 2006) (citing Stevens v. Security Pac. Nat'l Bank, 538 F.2d 1387, 1389 (9th Cir. 1976)).

## III. DISCUSSION

### A. Plaintiffs do not demonstrate proper service.

Pursuant to Federal Rule of Civil Procedure 4, service of individuals such as the named defendants in this suit may be completed under state law, or by one of the following means: delivering a copy of the summons and the complaint to the individual personally, leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e).

Under California law, as relevant here, service of process may be made by personal delivery to an individual. Cal. Code Civ. P. § 415.10. In addition, service may be made by mail if sent with two copies of the notice and acknowledgement provided in Cal. Code Civ. P. § 415.30(b) and a return envelope, postage prepaid, addressed to the sender. Service by mail is "deemed complete" if such acknowledgment is returned to the sender. Cal. Code Civ. P. § 415.30(b).

Plaintiffs assert their return of service documents (ECF Nos. 4, 20) reflect service through the following methods:

1.  Each defendant was mailed a summons and a copy of the complaint at their last known address, via USPS certified Mail.

2.  Each defendant was emailed a summons and a copy of the complaint at their personal email addresses.

3.  Defendant Heidi C. Raveling was sent a summons and a copy of the complaint via FedEx Express.

4.  A summons and a copy of the complaint was delivered to the secretary of Attorney Matthew D. Roy at his office via FedEx Express and/or was left with his secretary.

5.  A summons and a copy of the complaint was emailed to Mr. Schulze, the attorney presently representing defendants.

(ECF No. 18 at 6-7.)

At the outset, Rule 5 of the Federal Rules of Civil Procedure and Section 413.30 of the California Code of Civil Procedure do not assist plaintiffs to meet their burden. "Rule 5(a) service [to a party's attorney] is proper only after a party has appeared in an action." Fluor Engineers & Constructors, Inc. v. S. Pac. Transp. Co., 753 F.2d 444, 449 (5th Cir. 1985); see also Fed. R. Civ. P. 5, Committee Notes to 2001 Amendment ("Service under [Rule 4] must be made as provided in [that rule]."). Section 413.30 applies "[w]here no provision is made in this chapter or other law for the service of summons," in which case "the court… may direct that summons be served in a manner… reasonably calculated to give actual notice…." Cal. Code Civ. P. § 413.30. Due to the relevant provisions for service of summons, service by other means is not prescribed in this case.

Defendants assert plaintiffs did not comply with the provisions of state law for service by mail because they did not provide two copies of the necessary notice and acknowledgement together with a self-addressed and stamped envelope with any of the documents mailed. (ECF No. 8-1 at 6.) Because no acknowledgements of service were returned, service by mail has not been effectuated under state law. See Cal. Code Civ. P. § 415.30(b). Service by mail under California law under section 415.30 is not deemed complete until the date a written acknowledgment of receipt of summons is executed by the party addressed. Id.; see Thierfeldt v. Marin Hosp. Dist., 35 Cal. App. 3d 186, 199 (1973) ("[S]ection 415.30… expressly predicates the

4

efficacy of [service of summons by mail] upon the execution and return of an acknowledgment of service.”); <u>Austin v. Lyft, Inc.</u>, No. 21-CV-09345-MMC, 2022 WL 395310, at *3 (N.D. Cal. Feb. 9, 2022).

Mailing the summons and a copy of the complaint to defendants at their last known addresses also did not effectuate service under Rule 4. “[C]ourts have uniformly rejected the possibility that the term ‘delivering’ [under Rule 4] includes service by mail.” <u>DH Holdings, LLC v. Meridian Link, Inc.</u>, Case No. CV 09-9117 ABC, 2010 WL 11597616, at *2 (C.D. Cal. Apr. 9, 2010). “Rule 4 requires personal service” of the summons and complaint.” <u>In re TFT-LCD (Flat Panel) Antitrust Litig.</u>, MDL No. 1827, 2009 WL 4874872, at *2 (N.D. Cal. Oct. 6, 2009) (citing <u>Larsen v. Mayo Med. Ctr.</u>, 218 F.3d 863, 868 (8th Cir. 2000)). Because Rule 4 requires personal service, delivery of a summons and a copy of the complaint via FedEx Express to the home of defendant Raveling, as well as to the office of Attorney Matthew D. Roy,[2] did not effectuate service on any defendant. <u>See</u> <u>Roller v. Herrera</u>, No. 3:18-CV-00057-HZ, 2018 WL 2946395, at *3 (D. Or. June 11, 2018) (documents sent via FedEx did not constitute service under Rule 4(e)).

Accordingly, plaintiffs have not met their burden to demonstrate proper service as to any defendant. Thus, the court has discretion to dismiss the action or to quash service. <u>Issaquah School Dist.</u>, 470 F.3d at 1293.

**B. Plaintiffs do not show good cause for extension of time under Rule 4.**

The court considers whether plaintiffs have shown good cause for an extension of time for service under Rule 4. Courts have broad discretion in deciding whether to extend time for service under Rule 4(m). <u>Efaw v. Williams</u>, 473 F.3d 1038, 1041 (9th Cir. 2003).

“Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint. First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period.” <u>In re Sheehan</u>, 253 F.3d 507, 512 (9th Cir. 2001) (citations omitted). Courts determine whether good cause for

---

[2] In addition, there is no indication that Attorney Roy had the authority to accept service on behalf of any defendant in this case. (<u>See</u> Declaration of Matthew D. Roy, ECF No. 8-1 at 18.)

1    an extension of time under Rule 4 has been shown on a case-by-case basis. Id. At a minimum,

2    good cause means "excusable neglect." Id.

3         The court considers first whether plaintiffs made a good-faith attempt to serve defendants,

4    whether a reasonable effort to effect service has occurred, and whether plaintiffs moved for an

5    enlargement of time to effect service. E.g., Television Signal Corp. v. City & County of San

6    Francisco, 193 F.R.D. 645, 646 (N.D. Cal. 2000). The court also considers plaintiffs' pro se

7    status. Courts in the Ninth Circuit recognize a "duty to ensure that pro se litigants do not lose their

8    right to a hearing on the merits of their claim due to ignorance of technical procedural

9    requirements." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing

10   Borzeka v. Heckler, 739 F.2d 444, 447 n. 2 (9th Cir. 1984) ("We are generally more solicitous of

11   the rights of pro se litigants, particularly when technical jurisdictional requirements are

12   involved."). Although, as defendants note, plaintiff Thomas Laipply identifies himself as a bar

13   candidate in California and awaiting bar licensure in Texas, plaintiffs proceed pro se in this case.

14        Plaintiffs argue they diligently pursued service of process through methods that gave the

15   defendants actual notice of the suit. (ECF No. 18 at 5.) Plaintiffs state they did not know four of

16   the five defendants' current addresses (id.), though defendants counter their addresses are those

17   where plaintiffs attempted service by improper methods (ECF No. 19 at 4). Plaintiffs also state

18   they were concerned defendants would employ "avoidance tactics" if plaintiffs did not attempt to

19   serve them simultaneously because of an ongoing family legal battle. (ECF No. 18 at 5.)

20        Other than plaintiffs' suspicion, however, there is no indication any defendant would have

21   tried to evade service. Plaintiffs have been on notice they did not properly effectuate service from

22   defendants' original motion to dismiss, served to plaintiffs by mail on January 31, 2022. (ECF

23   No. 5-1 at 10.[3]) Plaintiffs did not, thereafter, take any further steps to effectuate proper service. At

24   the hearing on this matter, plaintiff Thomas Daniel Laipply acknowledged plaintiffs made no

25   attempt to contact the attorney presently representing defendants in this matter—the same

26   attorney representing two of the defendants in other litigation between the parties—because

27

28   [3] The motion to dismiss docketed at ECF No. 5 was subsequently re-filed before the undersigned
     to comply with the local rules at ECF No. 8.

1    plaintiffs were "waiting to see what happened." Plaintiffs also did not seek an extension of time

2    for service of process until requesting the court to extend time for service in their opposition to

3    the motion to dismiss, which plaintiffs filed on April 13, 2022. (ECF No. 18 at 8.)

4           In In re Sheehan, the plaintiff attempted to serve the defendant first by mail and then by

5    personal service six days after the expiration of the time period, both times by serving the

6    defendant's attorney rather than defendant. In re Sheehan, 253 F.3d at 511. The Ninth Circuit

7    held:

8                   [A] plaintiff may be required to show the following factors in order
                    to bring the excuse to the level of good cause: "(a) the party to be
9                   served received actual notice of the lawsuit; (b) the defendant would
                    suffer no prejudice; and (c) plaintiff would be severely prejudiced if
10                  his complaint were dismissed."

11   Id. (citing Hart v. United States, 817 F.2d 78, 80-81 (9th Cir. 1987)). Because the plaintiff failed

12   to show these factors, good cause was not shown. In re Sheehan, 253 F.3d at 512.

13          Here, the individual defendants in this case do not dispute they received actual notice of

14   the lawsuit. This factor and plaintiffs' pro se status weigh in favor of granting an extension of

15   time for service of process.

16          However, there is a risk of prejudice based on the other pending litigation because of an

17   ongoing Texas State Court lawsuit wherein the plaintiffs in this suit are the defendants in the

18   Texas action.[4] (ECF No. 8-1 at 8.) Defendants state:

19                  Plaintiffs in the case at Bar have made two attempts to remove the
                    Bexar County case to the United States District Court for the Western
20                  District of Texas, San Antonio Division, each of which has been

---

21   [4] The Texas state-court suit arose from "a personal loan made in May 2019 by… Thomas Charles
22   Laipply and Laurel Laipply ("Laipply parents") to their son Thomas Daniel Laipply and his wife
     Evangelina Laipply ("Laipply children")," and concerned whether the loan was forgiven or
23   remained unpaid according to its terms. See Laipply v. Laipply, No. SA-20-CV-00970-JKP, 2020
     WL 7054225, at *1 (W.D. Tex. Dec. 2, 2020). Defendants Thomas C. Laipply and Laurel Laipply
24   indicate they have secured judgment for breach of contract and fraud against plaintiffs by way of
     summary judgment and obtained the dismissal of the counterclaims, "many of which are brought
25   as affirmative claims in this action." (ECF No. 18 at 8-9.) Defendants assert "many of the facts,
     allegations, and causes of action brought [in the present suit] are identical to the claims made as
26   defenses and counterclaims in the State Court Action in Bexar County, Texas." (Id.) However,
     plaintiffs dispute defendants' assertion that the actions are related in any way, describing them as
27   completely separate actions. (ECF No. 18 at 4.) Plaintiffs also dispute defendants' representation
     of the procedural posture of the Texas case. (Id.)

28

1    remanded to State Court. After these removals, the Plaintiffs in the
2    case at Bar filed a separate Federal Court Action in the United States
     District Court for the Western District of Texas, San Antonio
3    Division and attempted to consolidate the State Court Case.

4    (ECF No. 8-1 at 8.)

5         Although the parties dispute how much overlap, if any, exists between the claims,

6    defenses, and counter-claims in this action and those involved in the Texas state-court action,

7    plaintiffs fail to show defendants Thomas C. Laipply and Laurel Laipply—the plaintiffs in that

8    action—are not prejudiced by the delay in service due to the ongoing litigation. This risk of

9    prejudice weighs against extending time for service of process. In addition, plaintiffs do not show

10   they would be severely prejudiced if the present complaint were dismissed, which also weighs

11   against extending time. Thus, good cause is not shown. See In re Sheehan, 253 F.3d at 512.

12        Plaintiffs' pro se status does not excuse their failure to effectuate service. See McNeil v.

13   United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in

14   ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed

15   without counsel."). Pro se litigants are expected to know and comply with the rules of civil

16   procedure. See American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108

17   (9th Cir. 2000). Here, plaintiffs have not diligently pursued service of process, despite being on

18   notice of the deficiencies in the methods they attempted to use, and the record contains no

19   indication other than their suspicion that any defendant would have tried to evade service. Based

20   on plaintiffs' lack of diligence, the risk of prejudice to defendants, and absence of a showing of

21   severe prejudice to plaintiffs if the present complaint were dismissed, the undersigned

22   recommends the court exercise its discretion to dismiss the case. See Fed. R. Civ. P. 4(m);

23   Issaquah School Dist., 470 F.3d at 1293.

24   **IV. CONCLUSION AND ORDER**

25        Good cause not having been shown for the defective service and an extension of time, the

26   undersigned recommends the court exercise its discretion to dismiss this case.

27        In accordance with the above, IT IS RECOMMENDED:

28        1. The motion to dismiss (ECF No. 8) be granted; and

8

2.  This action be dismissed without prejudice as to all defendants under Rule 12(b)(5) of the Federal Rules of Civil Procedure.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within 14 days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  May 2, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Laipply21cv1905.mtd

9